

**SO ORDERED.**

**SIGNED this 06 day of October, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Richard Stair Jr.
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

GARY LYNN JONES
d/b/a JONES ROOFING CONTRACTOR

        Debtor

Case No.  08-30294

**MEMORANDUM AND ORDER**

     Before the court is the Request For Attorney Compensation (Compensation Request) filed by the Debtor's attorney, Cynthia T. Lawson, on August 28, 2008, with an attached Exhibit A containing detailed time records.  The Compensation Request was served on the Debtor, the United States Trustee, Chapter 13 Trustee, creditors, and all parties in interest.  By her Compensation Request, Ms. Lawson seeks compensation for services rendered the Debtor during the pendency of this Chapter 13 case in the amount of $11,800.63.  The requested fee is based upon 60.40 hours of services, of which 39.95 hours were billed at an hourly rate of $225.00 for a total of $8,988.75, and

20.45 hours were billed at an hourly rate of $137.50 for a total of $2,811.88.[1] No formal objections were filed; however, at the hearing held on October 1, 2008, the Chapter 13 Trustee and counsel for Randy Bowen, the largest unsecured creditor, expressed reservations as to the amount sought.

Professionals are allowed "reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person[.]" 11 U.S.C. § 330(a); *see also* FED. R. BANKR. P. 2016 (requiring a detailed itemization of fees requested be filed with any application for compensation). Nevertheless, a court "may award compensation that is less than the amount of compensation that is requested" if it determines the requested amount is unreasonable through an analysis of the following:

> (3) In determining the amount of reasonable compensation to be awarded . . ., the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>
>> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

---

[1] Adding the detailed time records yields 40.20 hours at $225.00 per hour rather than the 39.95 hours noted on Exhibit A. The adjustment of $56.25 will be made in the fee allowed herein.

   (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

 (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

   (I) unnecessary duplication of services; or

   (ii) services that were not—

    (I) reasonably likely to benefit the debtor's estate; or

    (II) necessary to the administration of the case.

 (B) In a chapter . . . 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a).

The proper method for calculating fees is the lodestar method, in which the attorney's "'reasonable hourly rate [is multiplied] by the number of hours reasonably expended.'" *Boddy v. United States Bankr. Court, W. Dist. of Ky. (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991) (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)). After the lodestar figure is established, the additional factors set forth in the statute are examined, and compensation is adjusted accordingly to achieve the most reasonable result. *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The professional seeking compensation bears the burden of proving entitlement to the requested compensation. *In re New Boston Coke Corp.*, 299 B.R. 432, 438 (Bankr. E.D. Mich. 2003).

The Debtor filed the Voluntary Petition commencing his Chapter 13 case on January 23, 2008. Pursuant to her Disclosure of Compensation statement filed on January 23, 2008, Ms. Lawson stated that she had agreed to accept the $2,000.00 "base fee" in effect for debtors' attorneys in Chapter 13 cases at that time pursuant to E.D. Tenn. LBR 2016-1(a),[2] which encompassed the following "routine" services to be performed on behalf of the Debtor: (1) review of confirmation order and periodic updates from the Trustee; (2) contacts with the Debtor concerning routine matters and/or changes in financial status; (3) maintaining custody and control of all files; (4) service of documents required by court; (5) obtaining and providing the Trustee with documentation; (6) objections to claims; (7) communications with creditors concerning plan terms, claims, and lien and security issues; (8) assumptions and rejections of unexpired leases and/or executory contracts; (9) notifying creditors of alleged stay violations; (10) defending motions concerning venue; and (11) other services expected in most or all Chapter 13 cases. Services considered "non-routine" and not covered by the $2,000.00 included the following: (1) motions to sell property; (2) post-discharge injunction actions; (3) motions to modify plan; (4) adversary proceedings; (5) motions to incur debt; (6) motions to substitute collateral; (7) motions to dismiss after confirmation; (8) supplemental fee requests; and (9) automatic stay violation litigation.

The Debtor's proposed plan, also filed on January 23, 2008, provided for payment of a $2,000.00 attorney fee as an administrative expense and proposed a 20-70% dividend to nonpriority unsecured creditors. Objections to confirmation were filed by the Chapter 13 Trustee, Covenant

---

[2] The presumptive fee or "base fee" allowed debtors' attorneys in Chapter 13 cases was increased to $3,000.00 on February 25, 2008.

4

Health Credit Union, and Randy Bowen on February 29, 2008, and an amended plan was filed on May 27, 2008, modifying the section concerning attorney's fees to provide for an attorney fee of "approximately $5000.00, which is estimate of fees; awarded amount to be determined after approval of amended application which will be filed after plan confirmation or dismissal of case and served in accordance with Local Bankruptcy Rule 2016-1(b), less $0 previously paid[.]" In addition, Ms. Lawson filed an amended Disclosure of Compensation statement on May 27, 2008, reflecting that her fee agreement with the Debtor had changed.[3]

The proposed 20-70% dividend to nonpriority unsecured creditors remained in the May 27, 2008 amended plan, but was changed to less than 5% in a second amended plan filed on June 3, 2008, which retained the amended language for attorney compensation estimated at $5,000.00. The Chapter 13 Trustee and Covenant Health Credit Union subsequently withdrew their objections to confirmation, but Mr. Bowen's objection proceeded to trial on July 23 and August 13, 2008, and was eventually overruled. The Debtor's second amended plan was confirmed on August 26, 2008, and on August 28, 2008, Ms. Lawson filed the present Compensation Request.

A review of the time records attached to Ms. Lawson's Compensation Request raises questions with respect to several entries, including the "routine" nature of several items and the clerical nature of others, as well as the two hourly rates of $137.50 and $225.00. As an initial matter, "[i]n order for a task to be compensable, that task must be set forth in detail in the Fee Application.

---

[3] Specifically, Ms. Lawson states in her amended Compensation of Disclosure Statement that $5,000.00 is an

> Estimate of fees. Awarded amount to be determined after approval of amended application which will be filed after plan confirmation or dismissal of case and served in accordance with Local Bankruptcy Rule 2016-1(b).

5

Each task must be listed separately and not combined, or 'lumped' with other tasks so that the Court can discern whether a reasonable amount of time was spent performing that task." *New Boston Coke Corp.*, 299 B.R. at 446-47. Furthermore, "[s]ecretarial work, overtime work and word processing costs are not compensable[.]" *In re Thermoview Indus., Inc.*, 341 B.R. 845, 847 (Bankr. W.D. Ky. 2006).

> Fees for services that are purely clerical, ministerial, or administrative should be disallowed regardless of who performs them. If the services represent a shift of tasks ordinarily performed by a lawyer, such as would require discretion, then the services are compensable. If they consist of typing, data entry, checking court dockets, manually assembling, collating, marking, processing, photocopying, mailing, compiling, organizing in numerical or alphabetical order, updating a database, numbering, printing, preparing packages for service, or similar tasks, the services are clerical in nature. Performing these services or supervising them is not compensable.

*In re Schneider*, No. 06-50441, 2007 Bankr. LEXIS 3118, at *10-11, 2007 WL 2688812, at *4 (Bankr. N.D. Cal. Sept. 13, 2007) (citations omitted).

The following nine entries, representing 10.00 hours billed at $137.50[4] per hour and .80 hours billed at $225.00 per hour, totaling $1,555.00,[5] are primarily clerical in nature and, therefore, not compensable:

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 1/21/08 | TC with FD Gibson regarding Workers Comp Judgment, obtain copy of judgment via fax | .40 | $225.00 | $ 90.00 |
| 1/22/08 | Obtain Trust Deed from Register of Deeds office online | .20 | $137.50 | $ 27.50 |
| 1/24/08 | Emailed 2006 taxes and bus. questionnaire to Trustee | .10 | $137.50 | $ 13.75 |
| 1/24/08 | Mailed Nuvell and Wells Fargo proof of ins. documents | .20 | $137.50 | $ 27.50 |

---

[4] The hourly rate reduction from $137.50 to $75.00 hereinafter discussed while serving to reduce the figure has no impact on the result.

[5] *See supra* n. 4.

| | | | | |
|---|---|---|---|---|
| 4/16/08 | LM with Pat at C. 13 re 2004 exam - Bowen | .05 | $225.00 | $ 11.25 |
| 5/5/08 | Organize, copy and scan business records for 2006 & 2007 and other discovery docs requested (2 staff, 1 atty) | 9.50 | $137.50 | $1,306.25 |
| 5/5/08 | Review fax of W. Boswell re additional info needed | .20 | $225.00 | $ 45.00 |
| 5/6/08 | TC to J. Demastus, left message | .05 | $225.00 | $ 11.25 |
| 7/17/08 | Signed and faxed approval of T's modifications to chapter 13 office | .10 | $225.00 | $ 22.50 |

Additionally, based upon its review of the services provided to the Debtor, the court determines that the original base fee of $2,000.00 allowable under Local Rule 2016-1(a) at the time the Debtor filed his Chapter 13 case[6] was adequate to compensate Ms. Lawson for all "routine" matters, including the drafting of the required statements and schedules, issues concerning claims filed, and all automatic stay issues that arose in the Debtor's case. Out of the total hours billed, the court finds that a total of $3,490.00, representing 7.30 hours at $137.50 per hour and 11.05 hours at $225.00 per hour, was billed for "routine" services. This figure shall be reduced by $1,490.00.[7]

On the other hand, non-"routine" services rendered encompassed the various objections to confirmation of the Debtor's plan and modifications thereto, as well as the litigation with Randy Bowen. Out of the total hours billed, the court finds that a total of $6,811.88, representing 3.15 hours at $137.50 per hour and 28.35 hours at $225.00 per hour, was billed for time devoted by Ms. Lawson and her firm to non-"routine" matters. However, the court questioned the two differing hourly rates charged, inquiring at the October 1, 2008 hearing as to the same, to which Ms. Lawson stated that she had billed the $137.50 for work performed by her "staff," while the $225.00 hourly

---

[6] *See supra* n. 2.

[7] *See supra* n. 4.

7

rate represented her professional time. Although she used the term "staff," because § 330(a)(1)(A) allows compensation for attorneys and paraprofessionals employed by them, the court presumes that Ms. Lawson billed the $137.50 hourly rate for services performed by paralegals employed with her firm. Nevertheless, based upon an independent review by the court of the hourly rates charged by attorneys in the Eastern District of Tennessee for paralegal and/or law clerk services, the court finds $137.50 to be excessive and that an hourly rate of $75.00 is a more appropriate rate for paraprofessional fees. Accordingly, the court shall additionally reduce the non-"routine" fees by $196.88, the difference between the $433.13 for non-clerical, non-"routine" entries billed at $137.50 per hour and $236.25 for those 3.15 hours billed at $75.00 per hour.

In summary, Ms. Lawson's Compensation Request is allowed in the amount of $8,615.00, representing the base fee of $2,000.00 originally disclosed for "routine" services plus $6,811.88 for non-"routine" services performed on behalf of the Debtor, less the $196.88 reduction for excessive paraprofessional fees. This compensation is allowed pursuant to 11 U.S.C. § 330(a)(4)(B) (2005) and shall be paid by the Chapter 13 Trustee as an administrative expense pursuant to the terms of the Debtor's Plan.

# # #